IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| INSPIRE EXCELLENCE, LLC, an Illinois limited liability company, | ) ) ) Case No. |
| *Plaintiff*, | ) ) |
| v. | ) REMOVED FROM CASE ) NO. 2023-LA-000334 IN THE ) CIRCUIT COURT OF MCHENRY |
| PACCAR, INC., a Delaware corporation d/b/a PETERBILT MOTORS COMPANY, | ) COUNTY, ILLINOIS ) ) |
| *Defendant*. | ) |

**NOTICE OF REMOVAL**

Defendant, Paccar, Inc. d/b/a Peterbilt Motors Company ("Paccar"), by and through its attorneys, Horwood Marcus & Berk Chartered, pursuant to 27 U.S.C. §§ 1332, 1441 and 1446, hereby notify this Court that it is removing the above captioned case currently pending in the Circuit Court of McHenry County, Illinois to the United States District Court for the Northern District of Illinois, and in support of this Notice of Removal, states as follows:

**I.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS**

1.      On or about December 27, 2023, Plaintiff Inspire Excellence, LLC ("Inspire") commenced an action with Case No. 2023 LA 000334 in the Circuit Court of McHenry County, Illinois, against Paccar (the "State Court Action").

2.      Removal of the State Court Action is proper under 28 U.S.C. §§ 1441 and 1446.

3.      28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. Venue properly lies in the Northern District of Illinois because the United States District Court for the Northern District of Illinois "embrac[es] the place where such action is pending," i.e. the McHenry County Circuit Court. 28 U.S.C. § 1441(a).

5. The district courts of the United States possess "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).

6. As described in more detail below, the State Court Action is removable under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity amongst the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332, 1441.

7. 28 U.S.C. § 1446 sets forth the procedures for removal of civil actions. "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. 1446(b)(1).

8. Paccar was served with Summons and a copy of the Complaint in the State Court Action on January 2, 2024. True and accurate copies of the Summons and Complaint in the State Court Action are attached hereto as **Exhibit 1** and **Exhibit 2** respectively.

9. This Notice of Removal is being filed within 30 days after receipt of the summons and complaint by Inspire in accordance with 28 U.S.C. § 1446(b)(1).

10. A copy of this Notice of Removal will be served upon Inspire and filed promptly with the McHenry County Circuit Court as required by 28 U.S.C. § 1446(d).

## II. This Court has Original Jurisdiction Over This Action Based Upon 28 U.S.C. § 1332

11. Federal jurisdiction exists for "all civil actions where the matter in controversy exceeds $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

### a. The Amount In Controversy Exceeds $75,000

12. Jurisdictional requirements are met when "at the time of removal, Plaintiff claimed damages sufficient to meet the amount in controversy requirement." *Hood v. Dryvit Sys., Inc.*, 2004 WL 2106601, at *2 (N.D. Ill. Sept. 17, 2004). Here, the Complaint expressly alleges in Count I that "[a]s a result of Paccar's breach, Inspire has been damaged in that it has hard out of pocket costs and profits in the amount of $267,241.48." Compl. ¶ 28. In addition to the allege damages in Count I, the Complaint alleges additional damages as to Count II in the amount of $17,578.00. Compl. ¶ 35. As such, the amount in controversy exceeds the $75,000.

### b. Complete Diversity of Citizenship Exists Between the Parties to this Action

13. Diversity jurisdiction requires complete diversity amongst the parties – "that no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021).

14. Paccar is a Delaware corporation with its principal place of business in Bellevue, Washington. Compl. ¶ 3.

15. As alleged, Inspire is an Illinois limited liability company with its principal place of business in McHenry, Illinois. *Id.* ¶ 1. However, "[f]or diversity jurisdiction purposes, the

citizenship of an LLC is the citizenship of each of its members" – it is not determined by the principal place of business or state of formation. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). In order to satisfy diversity requirements under federal law, the citizenship of each member of a limited liability company must be diverse from the opposing party as of the date of the complaint or on the date notice of removal was filed. *Id*.

16. Here, because the Complaint does not identify Inspire's members, on January 30, 2023, counsel for Paccar conducted independent research of public records and requested counsel for Inspire to identify Inspire's member(s). *See* Declaration of Maxwell A. Kling, ¶¶ 3, 4 attached hereto as **Exhibit 3**. As of the date of this Notice of Removal, counsel for Inspire has not identified Inspire's members.

17. Paccar's counsel's independent research of public records included: (i) conducting a search of Inspire's Entity Information provided on the Illinois Secretary of State's website (*See* Exhibit B attached to **Exhibit 3**); (ii) reviewing a Company Investigation Report prepared through Westlaw Edge (*See* Exhibit C attached to **Exhibit 3**); and (iii) reviewing McHenry County public land records (*see* Exhibit D attached to **Exhibit 3**).

18. Therefore, based on information and belief, which belief is supported by Paccar's independent research of public records, Inspire's sole member is Sharon Woodward, an individual, who is a citizen of Illinois residing at 1828 Orchard Beach Road, McHenry, Illinois 60050.

19. Accordingly, there is complete diversity of citizenship between the parties in accordance with 28 U.S.C. 1332(a)(2).

### III. Non-Waiver of Defenses

20. By filing this Notice of Removal, Paccar does not waive any defenses that may be available in this Court or in the court from which this action was removed.

21. If any question arises as to the propriety of the removal of this action. Paccar requests the opportunity to conduct limited discovery and to present a written brief and oral argument in support of removal.

WHEREFORE, Defendant, Paccar, Inc., through counsel, request that the State Court Action be removed from the Circuit Court of McHenry County, Illinois, to the United States District Court for the Northern District of Illinois and proceed as an action properly removed thereto.

Date: February 1, 2024

Respectfully submitted,

**PACCAR, INC.,**

Defendant.

By: __/s/ David S. Ruskin__
One of Its Attorneys

David S. Ruskin (IL# 6207596)
Maxwell A. Kling (IL# 6327171)
**HORWOOD MARCUS & BERK CHARTERED**
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
312-606-3200

7062733/1/19343.001

## CERTIFICATE OF SERVICE

The undersigned attorney of record certifies that he caused a true and correct copy of the foregoing, **NOTICE OF REMOVAL**, to be filed electronically in the United States District Court for the Northern District of Illinois on February 1, 2024. Notice and a copy of this filing will be served upon all counsel of record by email and U.S. first class mail with postage prepaid, addressed as follows:

Raymond J. Sanguinetti
**RATHJE WOODWARD, LLC**
300 E. Roosevelt Rd., Suite 220
Wheaton, Illinois 60187
rsanguinetti@rathjelaw.com

By: _/s/ David S. Ruskin_

7062733/1/19343.001