IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Inspire Excellence, LLC, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 3:24-cv-50055 |
| v. | ) |
| | ) Magistrate Judge Lisa A. Jensen |
| PACCAR Inc., d/b/a | ) |
| Peterbilt Motors Company, | ) |
| *Defendant*. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons stated below, Defendant's motion to dismiss [21] is denied.

**I. Background**

Plaintiff Inspire Excellence, LLC is a company that focuses in part on arranging corporate meetings, incentive group travel, and special events. Compl. ¶ 2, Dkt. 1-3. Plaintiff has arranged for Defendant PACCAR Inc.'s annual sales incentive event in Marco Island, Florida since 2005. *Id.* ¶ 5. In September 2022, Plaintiff and Defendant entered into a written contract wherein Plaintiff agreed to arrange and manage Defendant's annual sales incentive event taking place in April 2023. *Id.* ¶ 10–11. In June 2023, Plaintiff provided Defendant a final bill in accordance with the contract, which included costs for additional participants and items at the event. *Id.* ¶ 16. Defendant has refused to pay the final bill for the April 2023 sales event. *Id.* ¶ 18.

In December 2022, before Defendant refused to pay the final invoice related to the 2023 sales event, Plaintiff, at Defendant's direction, started arranging Defendant's 2024 sales event. *Id.*

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 14.

1

¶ 20. Plaintiff negotiated room blocks, rates, and pricing for the 2024 sales event and sent Defendant a new written contract, which included the negotiated hotel pricing. *Id.* ¶ 21. Defendant did not sign the contract for the 2024 sales event. *Id.* ¶ 22. Instead, Defendant contracted directly with the hotel that would host the 2024 event and received the same rates Plaintiff negotiated in the proposed contract. *Id.* ¶ 22. After Plaintiff learned of Defendant's direct deal with the hotel, Defendant acknowledged the benefit of Plaintiff's services and agreed to compensate Plaintiff in the amount of $17,578. *Id.* ¶¶ 23, 35. After being formally invoiced in the amount of $17,578, and despite previously agreeing to pay, Defendant has refused to pay Plaintiff $17,578 for its services. *Id.* ¶¶ 24, 36.

Plaintiff filed a two-count complaint in Illinois state court against Defendant alleging breach of contract relating to the 2023 sales event (Count I) and unjust enrichment relating to the 2024 sales event (Count II). Compl., Dkt. 1-3. Defendant removed the case to this court based on diversity jurisdiction. Dkt. 1. Defendant filed a motion to dismiss the unjust enrichment claim in Count II pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a response, and Defendant filed a reply. Dkts. 27, 30.

## II. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When ruling on a motion to dismiss, the court accepts all well-pled facts alleged in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 881 (7th Cir. 2022). "The bar to survive a motion to dismiss is not high." *Id*. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge [that] recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks and citation omitted). "Dismissal is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 521 (7th Cir. 2003) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### III. Discussion

Defendant seeks dismissal of Plaintiff's unjust enrichment claim, arguing that the claim fails because Plaintiff: (1) alleges the existence of a contract governing the parties' relationship; and (2) does not allege Defendant engaged in any unlawful or improper conduct.

**A. Existence of a Contract**

First, Defendant argues that Plaintiff's unjust enrichment claim must be dismissed because Plaintiff alleges the existence of an express, oral contract governing the parties' relationship.

"To state a claim for unjust enrichment under Illinois law, a plaintiff must allege that 'the defendant has unjustly retained a benefit to the plaintiff's detriment and that [the] defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.'" *Gociman*, 41 F.4th at 886 (citing *Hatcher v. Hatcher*, 158 N.E.3d 326, 330 (Ill. App. Ct. 3d Dist. 2020)). "The theory of unjust enrichment is based on a contract implied in law. To recover under this theory, plaintiffs must show that defendant voluntarily accepted a benefit which would be inequitable for him to retain without payment." *People ex rel. Hartigan v. E & E Hauling, Inc.*, 607 N.E.2d 165, 177 (Ill. 1992).

3

As Defendant correctly points out, because unjust enrichment "is a quasi-contract theory that permits courts to imply the existence of a contract where none exists," when the parties' relationship is governed by a specific contract, "the doctrine of unjust enrichment has no application." *Prudential Ins. Co. of Am. v. Clark Consulting, Inc.*, 548 F. Supp. 2d 619, 622 (N.D. Ill. 2008) (internal quotation marks and citation omitted); *People ex rel. Hartigan v. E & E Hauling, Inc.*, 607 N.E.2d 165, 177 (Ill. 1992). Accordingly, although a party may plead breach of contract and unjust enrichment claims in the alternative, "a party may not incorporate by reference allegations of the existence of a contract between the parties in the unjust enrichment count." *Gociman*, 41 F.4th at 886–87.

Here, Plaintiff is not pleading breach of contract and unjust enrichment as alternative claims. As it relates to the 2024 sales event, Plaintiff alleges only a claim for unjust enrichment based on a contract implied in law. Plaintiff alleges that Defendant accepted the benefit of Plaintiff's services by contracting directly with the hotel for the hotel rates Plaintiff negotiated, which would be inequitable for Defendant to retain without payment to Plaintiff. Nonetheless, Defendant argues that the unjust enrichment claim must be dismissed because Plaintiff has alleged an express, oral contract between the parties.

Citing to *Prudential*, 548 F. Supp. 2d at 622–23, Defendant argues that "Illinois law states that any reference to an agreement defeats the equitable nature of an unjust enrichment claim." Def.'s Mt. at 3, Dkt. 21. Accordingly, Defendant argues that Plaintiff has alleged such an agreement by alleging that after it learned of Defendant's direct deal with the hotel, Defendant "acknowledged the benefit of Inspire's services and agreed to pay for them in the sum of $17,578.00." Compl. ¶ 35, Dkt. 1-3.

4

Defendant's reliance on *Prudential*, 548 F. Supp. 2d 619, is misplaced. *Prudential* states that an unjust enrichment claim is improperly plead "by referencing the contract within the claim, or by incorporating by reference other paragraphs in the complaint that assert the existence of a contract." 548 F. Supp. 2d 622–23. *Prudential* does not state that reference to any agreement between the parties is enough to defeat the claim. Only allegations of a valid and enforceable contract are enough to defeat the claim.

However, nowhere in the complaint does Plaintiff allege an express contract with Defendant wherein Plaintiff agreed to negotiate hotel rates for the 2024 sales event in exchange for $17,578. Plaintiff alleges only that after Defendant contracted directly with the hotel, Defendant agreed to pay Plaintiff for its services and attaches an invoice it sent to Defendant for $17,578 in support. Plaintiff makes clear that Defendant never signed a contract with Plaintiff for the 2024 sales event. Plaintiff explains that it references Defendant's agreement to pay to show that Defendant recognized the value of Plaintiff's services, not to show the existence of an express contract between the parties.

"[W]here the existence of a contract between the parties is undisputed, an unjust enrichment claim will seldom survive a motion to dismiss." *Gociman*, 41 F.4th at 887. But here, neither party is alleging that a valid and enforceable contract existed between the parties. Despite arguing that Plaintiff's "claim is merely a claim for breach of contract," Defendant simultaneously denies the existence of contract between the parties. Def.'s Mt. at 3, Dkt. 21. Defendant states: "To be clear, PACCAR made no such agreement, but the court need not review the facts to rule on this motion. Plaintiff's unjust enrichment claim is improper because it arises from an alleged agreement." Def.'s Mt. at 2–3, Dkt. 21.

5

This Court agrees with Defendant that it does not need to review the facts and circumstances surrounding Defendant's agreement to pay to rule on this motion. On a motion to dismiss, this Court is not tasked with deciding the merits of Plaintiff's claim. *See Gociman*, 41 F.4th at 885 ("At the motion to dismiss stage for failure to state a claim, we test the sufficiency of the complaint, not the merits of the case."). Accordingly, in cases such as this where the existence of a contract between the parties is disputed, courts are reluctant to dismiss an unjust enrichment claim. "Until the validity or the scope of a contract is determined, it is typically premature to dismiss an unjust enrichment claim." *Gociman*, 41 F.4th at 887; *see, e.g., Stevens v. Interactive Fin. Advisors, Inc.*, No. 11 C 2223, 2012 WL 6568236, at *6 (N.D. Ill. Dec. 17, 2012) (denying a motion to dismiss an unjust enrichment claim as barred by contract, where the scope and nature of the alleged contracts at issue were unclear); *Muehlbauer v. Gen. Motors Corp.*, 431 F.Supp.2d 847, 855 (N.D. Ill. 2006) ("[I]t is premature to dismiss the quasi-contract claims based on contracts not adequately presented to the court.").

At this stage of the case, Plaintiff has not pled itself out of an unjust enrichment claim by merely referencing Defendant's agreement to pay Plaintiff. Defendant provides no details relating to the actual agreement between the parties or their obligations under that alleged agreement such that a valid and enforceable contract has been alleged.[2]

Plaintiff cites to *Edens View Realty & Inv., Inc. v. Heritage Enterprises, Inc.*, 408 N.E.2d 1069, 1079 (Ill. App. Ct. 1st Dist. 1980) to support the argument that Defendant acknowledging the benefit of Plaintiff's services and agreeing to pay Plaintiff does not itself create a valid and enforceable contract. Defendant argues that *Edens* is distinguishable because the plaintiff in that

---

[2] Actions for breach of contract under Illinois law must allege: (1) offer and acceptance; (2) consideration; (3) definite and certain terms; (4) performance by the plaintiff of all required conditions; (5) breach; and (6) damages. *Ass'n Ben. Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007).

6

case recovered under a theory of quantum meruit, which has a different measure for damages than unjust enrichment. But despite this distinction, Defendant does not argue or cite any authority to support that Defendant's acknowledgment of the benefit of Plaintiff's services is sufficient to allege a valid and enforceable contract.

In fact, Plaintiff argues that there could be no valid and enforceable contract between the parties because there was no consideration. Plaintiff cites to *Gladstone v. McHenry Med. Group*, 553 N.E.2d 1174, 1180 (Ill. App. Ct. 2d Dist. 1990), to argue that any alleged consideration for Defendant paying $17,578 was Plaintiff's past performance in negotiating the hotel rates. Pl.'s Resp. at 9, Dkt. 27 (citing *Gladstone*, 553 N.E.2d at 1180) ("[I]f the alleged consideration for a promise has been conferred prior to the promise upon which alleged agreement is based, there is no valid contract."). Defendant does not respond to this argument, distinguish *Gladstone*, or identify the alleged consideration for the parties' oral contract. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (explaining that failing to respond to an argument in a response brief results in forfeiture). In the absence of proper consideration, there would be no valid and enforceable contract that would preclude Plaintiff's claim for unjust enrichment.

If Defendant's agreement to pay is later determined to be a valid and enforceable contract governing the parties' relationship, Plaintiff would be unable to recover on its unjust enrichment claim. But the Court is not yet tasked with determining the validity of any alleged contract between the parties. *See Gociman*, 41 F.4th at 885 ("At the motion to dismiss stage for failure to state a claim, we test the sufficiency of the complaint, not the merits of the case."). And such speculation at this stage, without the benefit of discovery revealing the facts and circumstances surrounding Defendant's agreement to pay, does not warrant dismissal of Plaintiff's unjust enrichment claim.

At this stage, Plaintiff has properly alleged an unjust enrichment claim. Accordingly, this Court denies the motion to dismiss Count II of the complaint on this ground.

**B. Misconduct by Defendant**

Next, Defendant argues that Plaintiff's unjust enrichment fails because Illinois does not recognize unjust enrichment as an independent cause of action and Plaintiff fails to allege any fraud or other misconduct by Defendant.

Defendant cites to *Anderson v. Rush St. Gaming, LLC*, No. 1:20-CV-04794, 2021 WL 4439411 (N.D. Ill. Sept. 28, 2021), and *Toulon v. Cont'l Cas. Co.*, 877 F.3d 725 (7th Cir. 2017) for the proposition that unjust enrichment is not an independent cause of action but instead a condition brought about by fraud or other unlawful conduct. Def.'s Mt. at 3, Dkt. 21. However, the cases Defendant cites are cases where a plaintiff's unjust enrichment claim was dismissed because it was predicated on the allegations of fraudulent conduct that were properly dismissed.

The Court agrees that "if an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011). But in this case, Plaintiff's unjust enrichment claim in not premised on independent allegations of wrongful conduct by Defendant. Nevertheless, *Toulon*, the case Defendant cites in support, states that unjust enrichment "is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress or undue influence, *or, alternatively, it may be based on contracts which are implied in law*." *Toulon*, 877 F.3d at 741 (internal quotation marks and citation omitted) (emphasis added). Here, Plaintiff is alleging unjust enrichment based on a contract implied in law.

8

Although Illinois substantive law applies to this case, "[f]ederal pleading rules, which require that a complaint only give notice of the plaintiff's claim, and not that it spell out the facts underlying the claim, govern even in diversity suits." *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir. 2002) (internal citations omitted). "The plaintiff is not required to plead facts or legal theories or cases or statutes, but merely to describe his claim briefly and simply." *Shah v. Inter-Cont'l Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002). Plaintiff has adequately notified Defendant of the unjust enrichment claim against it based on its conduct in declining to enter into a contract with Plaintiff for the negotiated hotel rates, or otherwise pay Plaintiff for its services, and instead contracting directly with the hotel for those same rates. *See Buschauer v. Columbia Coll. Chicago*, 579 F. Supp. 3d 1045, 1049 (N.D. Ill. 2022) (declining to dismiss unjust enrichment claim for failure to state an independent cause of action where the claim was predicated on the existence of a quasi-contract). Accordingly, this Court denies the motion to dismiss Count II of the complaint.

### IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss [21] is denied.

Date: July 22, 2024          By: _____
                                 Lisa A. Jensen
                                 United States Magistrate Judge